Gary R. WALL, William Cooksey, Sr., Stephen Manos, Plaintiffs–Appellants,

v.

Harriet ROMAN, Defendant,

Robert M. Cheverie, Charles Leconche, Dominick Lopreato, Trustee, John Pezzente, Laborers International Union of North America, Vere O. Haynes, Robert D. Luskin, Michael S. Bearse, General Counsel Liuna, Frank Freeman, Laborers' Local 230, Defendants–Appellees.

No. 00–9004.

United States Court of Appeals, Second Circuit.

Sept. 6, 2001.

Gary R. Wall, Wethersfield, CT; William Cooksey, Sr., Hartford, CT; Stephen Manos, Glastonbury CT, pro se. Robert M. Cheverie, Cheverie & Associates; John T. Fussell, on the brief, East Hartford, CT,

for appellees. Terrance G. Reed, Alexandria, VA, for appellee Robert D. Luskin.

Present MESKILL, WINTER and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders of the District Court are hereby AFFIRMED.

Plaintiffs–Appellants Gary R. Wall, William Cooksey, Sr., and Stephen Manos, *pro se,* appeal from orders of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge* ), dismissing their complaint pursuant to Fed.R.Civ.P. 12(b)(6), denying their motion to set aside the judgment, and denying their motion for leave to amend their complaint.

The facts giving rise to this action are described in this Court's opinion in *Wall v. Construction & General Laborers' Union, Local 230,* 224 F.3d 168 (2d Cir.2000). The plaintiffs filed a second amended complaint [1] pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") alleging violations of the civil remedy provisions of RICO, 18 U.S.C. § 1964(c), and arguing that the defendants had deprived the plaintiffs of intangible property rights, including the rights to union membership, employment, and due process, and the right to vote in union affairs, as well as entitlement to their pensions. The defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and the plaintiffs moved to amend the complaint. In July 2000, the District Court granted the motion to dismiss and denied the motion to amend. The District Court concluded that the plaintiffs had failed to establish the existence of two predicate acts required to demonstrate a RICO violation and, as such, there was no need to address the remaining elements of a RICO claim. In dismissing the complaint, the court noted that, in light of the practice of broadly construing *pro se* complaints, it had repeatedly informed the plaintiffs of RICO pleading requirements and had given the plaintiffs numerous opportunities to replead and resubmit facts showing the existence of predicate acts, to no avail. As to the procedural due process claim against defendant Robert D. Luskin, the District Court found that liability did not attach because the plaintiffs had not alleged that Luskin was a Department of Justice employee or that he acted at the direction of the Department of Justice. However, the District Court granted the plaintiffs leave to amend with respect to this claim. Additionally, the District Court denied the plaintiffs' requests to add an equal protection claim against Luskin, to add Gene Julian as a defendant, to clarify, and for further discovery.

After judgment was entered, the plaintiffs filed a motion for reconsideration, arguing, *inter alia,* that the District Court had "made unreasonable departures from well founded precedents and findings of the Circuits and U.S. Supreme Court" regarding RICO violations and that such departures constituted an abuse of discretion. Thereafter, the plaintiffs filed a notice of appeal and later moved to amend their complaint. The District Court denied the motion to amend in light of the pending appeal in this Court. The defendants filed a motion to dismiss the plaintiffs' amended complaint, which the District Court also denied for lack of jurisdiction. The Dis-

---

1. The District Court had dismissed both the plaintiffs' original complaint and a subsequent amended complaint, but had allowed the filing of a second amended complaint.

trict Court later denied the reconsideration motion.

We review *de novo* a district court's dismissal of a claim pursuant to Fed.R.Civ.P. 12(b)(6). *See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). We "tak[e] all factual allegations as true and constru[e] all reasonable inferences in the plaintiff's favor." *Lee v. Bankers Trust,* 166 F.3d 540, 543 (2d Cir.1999). A district court order denying a motion for relief from a final judgment pursuant to Fed. R.Civ.P. 60(b) is reviewed for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998), *cert. denied,* 526 U.S. 1146, 119 S.Ct. 2022, 143 L.Ed.2d 1033 (1999). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

The District Court properly dismissed the RICO complaint based on its conclusion that the plaintiffs had not established the elements of a RICO claim. While the District Court's order did not specifically address the plaintiffs' allegations with respect to defendant Vere O. Haynes, a review of the claims against him reveals that they also fail sufficiently to allege predicate acts for purposes of RICO.

Further, the District Court was correct in denying the plaintiffs' motion to set aside the judgment. To the extent that the plaintiffs' motion was brought pursuant to Rule 59(a), reliance on this section was improper, as the section permits a motion for a new trial and, here, there was no trial. To the extent that the plaintiffs sought to alter or amend the judgment pursuant to Rule 59(b), the motion, if applicable, was untimely because it was filed more than ten days after the entry of judgment. Finally, to the extent that the plaintiffs sought to set aside the judgment

pursuant to Rule 60, there is no merit to their motion.

We now turn to the District Court's denial of the plaintiffs' request to amend their complaint with regard to their due process claims against defendant Luskin. The District Court initially gave the plaintiffs thirty days from July 11, 2000, the date of its dismissal of the complaint, to replead their claims against Luskin. However, the court improperly entered judgment on July 14, 2000, three days after the date of the dismissal. Thus, the plaintiffs' notice of appeal, filed on July 31, 2000, was an appeal from a non-final order, because the thirty-day period for repleading had not yet expired. Nonetheless, we hold that the District Court's judgment dismissing the case became final on August 10, 2000, thirty days from its initial dismissal, and we construe the plaintiffs' appeal as being from that final judgment. *See Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990) ("[S]ince the deadline imposed by the district court for amendment has passed, we will treat the present appeal as having been timely filed after the dismissal by the district court became final."). We accordingly have jurisdiction to consider this issue. We find that the District Court properly denied the plaintiffs' motion to amend, because that motion was ultimately filed on August 22, 2000, more than thirty days after the court's July 11 dismissal.

We have considered the appellants' remaining arguments and find them to be without merit. For the reasons set forth above, we AFFIRM the judgment of the District Court.