**Gary R. WALL, William Cooksey Sr., Plaintiffs–Appellants,**

v.

**UNION OF NA, LABORERS' INTERNATIONAL, Robert D. Luskin, Vere O. Haynes, Laborers' Local 230, Dominick Lopreato, John Pezzenti, Charles Leconche, Robert Cheverie, Patrick Tomasiewicz, Richard Weiss, and Connecticut Laborers' Pension Fund, Defendants–Appellees.**

No. 06–2810–cv.

United States Court of Appeals, Second Circuit.

May 2, 2008.

Gary R. Wall, Pro Se, Wethersfield, CT, for Appellants.

Lissa J. Paris (Rachel Snow Kindseth, on the brief), Murtha Cullina LLP, Hartford, CT, for Appellees.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, Circuit Judges, DENISE COTE,* District Judge.

## SUMMARY ORDER

In October 1998, Gary R. Wall and William Cooksey, Sr., filed an amended complaint in the district court against, inter alia, the Laborers International Union of NA ("LIUNA"), Laborers' Local Union 230, and its officers, alleging, inter alia, that the defendants had violated various provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by failing to fully fund or credit the plaintiffs' pensions and by denying them reinstatement to membership in LIUNA. In July 2000, the district court granted the defendants' motion to dismiss. We affirmed the judgment of the district court in September 2001. *Wall v. Roman*, 18 Fed.Appx. 41 (2d Cir.2001) (finding that the district court properly dismissed the RICO claims based on the conclusion that the plaintiffs had not established the elements of a RICO claim and had properly denied the plaintiffs' motion to set aside the judgment). In January 2004, Gary R. Wall, William Cooksey, Sr., and Stephen Manos (the plaintiffs), pro se, filed in the district court a civil RICO complaint against LIUNA, Local 230, and various LIUNA officials, the Connecticut Laborers' Pension Fund, and its director, Richard Weiss, and LIUNA attorneys Robert D. Luskin and Patrick Tomasiewicz. The plaintiffs, former LIUNA members, alleged that the defendants had violated their constitutional rights and RICO by failing to fully fund or credit the plaintiffs' pensions and by denying them reinstatement to membership in LIUNA. In March and April 2004, the defendants filed separate motions to dismiss, arguing, inter alia, that plaintiffs' claims were barred by the doctrines of res judicata and collateral estoppel, based on plaintiffs' 1998 RICO case. In March 2005, the district court entered an order granting the motions to dismiss on the grounds that the claims were barred by collateral estoppel. Plaintiffs further filed a Rule 59(e) motion, a Rule 15(d) motion, and a motion for a preliminary injunction,

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

which were denied by an order entered by the district court on May 15, 2006. On June 12, 2006, plaintiffs filed a notice of appeal asserting that the denial of their Rule 59(e) motion was improper, and contesting the underlying judgment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Under collateral estoppel, or issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Collateral estoppel will bar the relitigation of an issue of law or fact that was raised, if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim. *NLRB v. United Technologies Corp.,* 706 F.2d 1254, 1260 (2d Cir.1983). The Supreme Court "has broadened the scope of the doctrine of collateral estoppel beyond its common-law limits" "by abandoning the requirement of mutuality of parties." *United States v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984). We review a district court's application of the doctrine of collateral estoppel de novo, accepting all factual findings of the district court unless clearly erroneous. *Chartier v. Marlin Mgmt., LLC,* 202 F.3d 89, 93 (2d Cir.2000). We review a district court's denial of a Rule 59 motion for abuse of discretion. *See Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir.2004). "Generally, motions for reconsideration [under Rule 59] are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir.2003) (internal quotations and citation omitted). Such motions should be granted where necessary "to correct a clear error of law or prevent manifest injustice." *Munafo,* 381 F.3d at 105 (internal quotation marks and citations omitted).

Liberally construing the plaintiffs' pleadings, the plaintiffs' instant RICO claims are based on the same facts as their 1997 claims, i.e. an alleged conspiracy that deprived them of their intangible property rights, their right to union membership, their right to employment, their right to vote in union affairs, their due process rights, and their pensions under RICO. The plaintiffs already had a full and fair opportunity to litigate the same issues they raise in their instant case through their prior litigation, and the issues were already decided on the merits. Accordingly, we find that the district court did not err in dismissing the instant case on collateral estoppel grounds. *See Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir. 1986). Additionally, because the plaintiffs did not raise new controlling decisions or evidence in their Rule 59(e) motion and the district court did not err in the underlying decision, we find that its decision to deny the motion was not an abuse of discretion. *See Munafo,* 381 F.3d at 105.

We have further reviewed the plaintiffs' claims of corruption and bias, and find them to be without merit. We have also reviewed the plaintiffs' motion for the disqualification of Chief Judge Jacobs as a panel member for this appeal, and deny it as moot, because the Chief Judge is not a member of this panel.

We, therefore, affirm the judgment of the District Court, and deny the motion for the disqualification of Chief Judge Jacobs as moot.