**Frank FESTA, Jr., Plaintiff–Appellant,**

v.

**LOCAL 3 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and Mulvihill Electrical Contracting Corp., Defendants–Appellees.**

**No. 1247, Docket 89–9239.**

United States Court of Appeals,
Second Circuit.

Argued May 31, 1990.

Decided June 4, 1990.

Frank J. Festa, Jr., Scotch Plains, N.J., pro se.

Norman Rothfeld, New York City, for defendant-appellee Local 3, Intern. Broth. of Elec. Workers.

Before KAUFMAN, KEARSE and MINER, Circuit Judges.

PER CURIAM:

Plaintiff *pro se* Frank Festa, Jr., appeals from an order of the United States District Court for the Eastern District of New York, Mark A. Costantino, *Judge*, dismissing his complaint against defendant Mulvihill Electrical Contracting Corp. ("Mulvihill" or the "Company") with leave to replead, and dismissing his complaint against defendant Local 3 of the International Brotherhood of Electrical Workers (the "Union") with prejudice. Festa sought to assert a claim against Mulvihill for improper termination of his employment and a claim against the Union for breach of its duty of fair representation of him in connection with the allegedly wrongful termination. For the reasons below, we modify in part and vacate in part the order of dismissal, and remand to permit Festa to file an amended complaint against both defendants.

*Appellate Jurisdiction*

Preliminarily, we note that there is a question as to our jurisdiction to hear the present appeal. The only written order entered in the district court is a "Judgment" docketed on December 14, 1989 ("December 14 judgment"), stating that the district court had rendered a decision on December 1, 1989, granting defendants' motions to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The December 14 judgment dismissed the claim against the Union with prejudice, but dismissed the claim against Mulvihill with leave to replead within a specified period; it stated that upon the expiration of the time allowed, if no amendment had been filed a final judgment of dismissal would be entered. No such judgment was ever entered.

Festa filed his notice of appeal herein on December 12, 1989, stating that he was appealing from the court's oral December 1 decision. This notice of appeal was premature because, *inter alia*, the December 1 decision was not a final judgment, *see* Fed.R.Civ.P. 58 ("Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth...."), and no judgment had been entered. Even had Festa waited a few days until entry of the December 14 judgment and appealed from that document, his appeal would have been premature because the December 14 judgment gave him leave to replead. It thus was not a final order within the meaning of 28 U.S.C. § 1291

(1982). *See, e.g., Blanco v. United States,* 775 F.2d 53, 56 (2d Cir.1985); 9 *Moore's Federal Practice* ¶ 110.08[1], at 115 (2d ed. 1989).

■ However, since the deadline imposed by the district court for amendment has passed, we will treat the present appeal as having been timely filed after the dismissal by the district court became final. *See In re United States,* 844 F.2d 1528, 1531 (11th Cir.1988); *Schuurman v. Motor Vessel "Betty KV",* 798 F.2d 442, 445 (11th Cir.1986); *cf. Leonhard v. United States,* 633 F.2d 599, 611 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Connecticut National Bank v. Fluor Corp.,* 808 F.2d 957, 960–61 (2d Cir.1987) ("disclaimer of intent to amend effectively cures the nonfinal character of the judgment from which the appeal has been taken"). Accordingly, we turn to the merits of the appeal.

### The Merits

As to the dismissal of Festa's claim against the Company, we agree with the district court that the Rule 12(b)(6) dismissal was proper because the allegations against the Company were conclusory. The court also properly granted leave to amend. *See, e.g., Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). It is not at all clear, however, that Festa was aware prior to taking this appeal that he had permission to amend his complaint. The record does not contain a transcript of the court's oral decision on December 1; the December 14 judgment, filed only after the appeal was lodged, stated that "leave is *hereby* granted to file an amended complaint within thirty (30) days of the Court's decision." (Emphasis added.)

■ Festa has sought to present this Court with documents that may provide the basis for an amendment sufficient to allow the complaint to pass scrutiny under Rule 12(b)(6). Though those documents that were not part of the district court record are not properly before us, we conclude that in light of the possibilities that Festa (1) had the basis for a sufficient amendment, and (2) was not aware of his right to amend, the matter should be remanded to the district court to give him an opportunity to file a new complaint. Accordingly, we modify the December 14 judgment to reopen the period within which Festa may file an amended complaint against the Company.

■ As to the Union, dismissal of the fair-representation claim against it was appropriate in light of the proper dismissal of the claim against the Company. *See, e.g., Hines v. Anchor Motor Freight Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976) ("To prevail against either the company or the Union, petitioners must ... show [*inter alia* ] that their discharge was contrary to the contract...."). Yet it is not entirely clear to us why the dismissal as to the Union was granted with prejudice when the dismissal as to the Company was entered with leave to replead. Nothing on the face of the complaint indicates that if Festa could successfully replead against the Company he could not also adequately state a claim against the Union.

■ As a possible explanation for the district court's denial of leave to replead against the Union, we note that the Union had moved to dismiss not only pursuant to Rule 12(b)(6) for failure to state a claim, but also pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and that it had submitted affidavits in support of its motion. It may be that these affidavits persuaded the district court that the dismissal against the Union should be with prejudice; the court dismissed only under Rule 12(b)(6), however, and it could not properly consider the affidavits in connection with its assessment of whether the complaint stated a claim. The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient. *See, e.g., Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984). Rule 12(b) provides that to the extent that the court

decides to consider matters outside of the complaint in ruling on a motion pursuant to Rule 12(b)(6), "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Although this provision is not applicable to motions under other rules, such as Rule 12(b)(1), it is mandatory with respect to motions pursuant to Rule 12(b)(6). *See Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972) (per curiam); *Goldman v. Belden*, 754 F.2d at 1066. There is no indication in the record that the district court alerted Festa that the Union's motion would be treated as one for summary judgment; and at oral argument of this appeal, counsel for the Union was unable to recall any such notice.

Since the district court could not properly consider the Union's affidavits in connection with the Rule 12(b)(6) motion, and since nothing on the face of the complaint indicates that if Festa can adequately state a contract claim against the Company he cannot also adequately state a fair-representation claim against the Union, the district court should not have ordered that the dismissal as to the Union be with prejudice.

### CONCLUSION

For the foregoing reasons, the December 14 judgment (a) is vacated to the extent that it provided that the dismissal of the complaint against the Union would be with prejudice, and (b) is modified to allow Festa 30 days from the date of the issuance of this Court's mandate in which to file an amended complaint against both defendants. We of course express no view as to the merits of any claim that may be asserted.

No costs.