Joel GERBER, on his own behalf and on behalf of all others similarly situated, Plaintiff,

v.

COMPUTER ASSOCIATES INTERNATIONAL, INC., LWB Merge, Inc., Charles B. Wang, Anthony Wang, Sanjay Kumar and Jack M. Berdy, Defendants.

No. 91 CV 3610(SJ).

United States District Court, E.D. New York.

July 11, 1994.

Jeffrey H. Squire, Kaufman Malchman Kaufman & Kirby, Joshua N. Rubin, Abbey & Ellis, New York City, for plaintiffs.

Michael A. McElroy, Shaffield, McElroy & Lupu, Garden City, NY, for defendant Computer Associates.

Steven E. Greenbaum, Berlack, Israels & Liberman, New York City, for defendant Jack M. Berdy.

*MEMORANDUM AND ORDER*

JOHNSON, District Judge:

## INTRODUCTION

Plaintiff Joel Gerber, on his own behalf and on behalf of all others similarly situated,

commenced this class action against Defendants Computer Associates International, Inc., LWB Merge, Inc., Charles B. Wang, Anthony B. Wang, Sanjay Kumar (collectively "Computer Associates") and Jack M. Berdy for violation of various securities regulations. In an order dated January 21, 1993, this Court dismissed Count II of the original complaint as against all defendants and Count I of the original complaint as against Berdy. A second order dated February 22, 1993 dismissed Count III as against Berdy and granted Plaintiff leave to file an amended complaint which he did on April 19, 1993. Defendant Berdy now moves to dismiss the amended complaint as against him and for sanctions against Plaintiff's attorneys. For the reasons set forth below, Berdy's motion is denied in its entirety.

## BACKGROUND

For the purposes of deciding this motion, the Court takes all the allegations contained in the Amended Complaint to be true. In that the factual allegations in the original complaint remain as previously stated and are now only further detailed in the Amended Complaint, the Court will not repeat the facts of this case herein but will assume familiarity with the facts as set forth in the Court's opinion dated January 21, 1993.

## DISCUSSION

### I. Prior Dismissal of Counts I and II

In its previous orders this Court dismissed Count I as against Berdy, Count II as against all defendants, and Count III as against Berdy with leave to replead. Plaintiff has submitted an amended complaint that continues to set forth those counts as they were in the original complaint but with parenthetical commentary noting the Court's dismissals. Plaintiff contends that this recitation with parentheticals is "to make clear that [the counts] were voluntarily dismissed by the Court and that plaintiff did not voluntarily drop them." Pl.Mem. of Law in Opp. to Def. Berdy's Motion to Dismiss Count III of the Amended Class Action Complaint at 2 n. 1.

■ Such a format serves no purpose but to confuse and will not be countenanced by this Court. Once a count is dismissed in its entirety or against certain parties it no longer should appear against those parties. Any needed clarification can be had by consulting the record of the case which will clearly show that this Court ordered the dismissal of the counts.

### II. Motion to Dismiss Count III

Plaintiff alleges that the Defendants violated Sections 10(b) and 14(e) of the 1934 Securities and Exchange Act ("Exchange Act") and Rule 10b–5. According to the Amended Complaint, Defendants defrauded Plaintiff by making various untrue statements of material facts and omitting certain material facts in connection with the Tender Offer. Defendant Berdy has moved to dismiss this count pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.

### A. Rule 12(b)(6) Standard

The Court will examine the Plaintiff's claims under Rule 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990). The court must accept the facts as alleged in the complaint as true. *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991). A motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

#### 1. Bootstrapping

■ First, Defendant Berdy contends that Plaintiff's allegations are based on the notion that Berdy breached his fiduciary duty by not disclosing that Computer Associates had violated the tender offer rules. Berdy argues that Plaintiff cannot "bootstrap" him into a 10b–5 claim in this way and is limited

to redress under the tender offer rules and state law. As support for this proposition, Berdy cites *Field v. Trump*, 850 F.2d 938, 947 (2d Cir.1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989); however, *Field* involved allegations that the defendant directors had mismanaged the company and thereby violated their state-created fiduciary duties. In *Field*, "as in other cases cited by defendants, the courts addressed the situation where there was no deception or material misstatements or omission, and did not require dismissal of an action where plaintiff did allege deception or material misstatement or omission accompanying the alleged breach of fiduciary duty." *Lewis v. McGraw*, 495 F.Supp. 27, 31 (S.D.N.Y.1979) (quoting *Jones v. National Distillers and Chemical Corp.*, 484 F.Supp. 679, 685 (S.D.N.Y.1979)), aff'd, 619 F.2d 192 (2nd Cir. 1980), cert. denied 449 U.S. 951, 101 S.Ct. 354, 66 L.Ed.2d 214 (1980). In the case at bar, the Plaintiff seeks redress for misstatements and omissions "which are not of the "bootstrap" variety merely alleging failure to disclose a breach of fiduciary duty." *Id.* Such a claim is certainly proper under 10(b)–5.[1]

### 2. *Huddleston* criteria

▇ Defendant Berdy contends that Plaintiff cannot meet the standard for a claim under Sections 10(b) and 14(e) of the Exchange Act as set forth in *Huddleston v. Herman & MacLean*, 640 F.2d 534, 543 (5th Cir.1981), *rev'd on other grounds*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983) which held that a plaintiff must plead and prove "(1) a misstatement or an omission (2) of material fact (3) made with scienter (4) on which the plaintiff relied (5) that proximately caused his injury." Defendant's argument is inapplicable in a motion to dismiss. Plaintiff need not *prove* anything at this point since all of the allegations set forth in the Amended Complaint are taken to be true. This Court need only ascertain that the *Huddleston* criteria have been pled.

Defendant Berdy claims that Plaintiff's claim must fail because he cannot meet the *Huddleston* factors and has failed to demonstrate loss causation and transaction causation. However, on a motion to dismiss, this Court is not concerned with whether Plaintiff can prove such loss or not. This Court is simply bound to take the allegations as true and determine if, as a matter of law, they are sufficient. It is the burden of the Defendant to show this Court that there is no theory upon which Plaintiff can prevail given the facts as alleged.

"[T]he problem with [the defendant's argument] is that it asks the Court to make a determination of fact before trial, even before discovery, with no proper evidentiary record to serve as a basis of the [sic] for that finding." *Whitbread (US) Holdings, Inc. v. Baron Philippe de Rothschild, S.A.*, 630 F.Supp. 972, 979 (S.D.N.Y.1986) (quoting *Houlihan v. Anderson–Stokes, Inc.*, 434 F.Supp. 1330, 1339 (D.D.C.1977)). A plaintiff need only plead that he relied on the defendant's representations. Indeed, "[r]eliance is presumed in a fraud case based on omissions of material facts." *Id.* (citing *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972)). Whether or not Plaintiff was reasonable in relying on these representations is another matter to be decided at a later date. *See Whitbread*, 630 F.Supp. at 978. Whether or not the alleged misrepresentations and omissions were material is a question for the finder of fact. *Osofsky v. Zipf*, 645 F.2d 107, 115 (2d Cir.1981).

Plaintiff's pleadings make sufficient allegations to meet the requirements of *Huddleston*. Plaintiff has alleged that Defendant Berdy, as the sole signatory to the Form 14D–9 sent to all shareholders, misrepresented and failed to disclose certain facts regarding his full-time employment and commitments. According to the Plaintiff's pleadings, had the shareholders known the true nature of Berdy's commitments and of his non-compete agreement, they would not have

---

**1.** Defendant Berdy also argues that because he could not be found liable under Section 14(d)(7) he cannot possible be held liable under Section 10(b). This Court rejects this argument for two reasons. First, it is possible to be guilty under one section and not the other; they are not mutually exclusive. Second, it is possible to be held liable as an aider and abettor under 10b–5 even if one is not guilty as a principle.

tendered their shares at $15.75. The pleadings contend that the non-compete agreement would have been revealed as a premium had all of the facts been known. The Amended Complaint sets forth adequate allegations to meet the standards of *Huddleston.* It cannot be said that there exists no theory upon which Plaintiff could recover.

### B. Rule 9(b) Standard

■ Rule 9(b) of the Federal Rules of Civil Procedure requires that claims of fraud be pled with particularity in order to give the defendant notice so as to be able to prepare a defense. To satisfy the requirements of Rule 9(b), the complaint must specify the content, time, place, and speaker of the alleged misrepresentation. *Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990). The allegations must be specific enough to provide each defendant with notice of his alleged wrongful conduct. *Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985). A complaint under § 10(b) and Rule 10b–5 must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993) (citing *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989)).

This Court dismissed this count as against Berdy because the original complaint "fail[ed] to specify Berdy's individual role with respect to each of the documents." Order dated February 22, 1993. Defendant Berdy alleges that Plaintiff has failed to cure the defects of the original complaint and that this requires a dismissal of the 10b–5 claim. *See Affiliated Ute Citizens,* 406 U.S. at 155, 92 S.Ct. at 1473; *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 115 (2d Cir.1982); *Levine v. Seilon, Inc.,* 439 F.2d 328, 335 (2d Cir.1971); *In re Investors Funding Corp.,* 523 F.Supp. 563, 566 (S.D.N.Y.1980).

■ As stated previously, the Amended Complaint has amplified the pleadings as contained in the original complaint. The Plaintiff has specified several documents that the Plaintiff signed which were distributed to shareholders to be used in their decision as to whether to tender their shares. These allegations clearly put Defendant Berdy on notice as to what wrongdoing is alleged to have been committed by him so that he can adequately prepare a defense.

### III. Sanctions

Defendant Berdy has moved for sanctions to be entered against the Plaintiff for the alleged deficiencies in the Amended Complaint. No rule or statute is specified by the Defendant; however, the finding that the Amended Complaint is in fact viable necessitates the finding that the Amended Complaint is not sanctionable.

### CONCLUSION

For the reasons stated above, Defendant Berdy's motion to dismiss is hereby DENIED. Plaintiff is directed to amend his complaint to reflect the dismissal of Count I against Defendant Berdy and Count II as against all Defendants. Defendant's motion for sanctions is DENIED.

Briefing of the Class Certification motion is no longer stayed. Defendants are directed to file their response by August 1, 1994. Plaintiff may file a reply brief by August 22, 1994.

SO ORDERED.