**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GERALD FISTERALL DAVIS,
Plaintiff-Appellee,

v.                                                                    No. 98-1529

MICHAEL SCHMIDT; JEFF RICHARDS,
Defendants-Appellants.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge; Leonard D. Wexler, Senior
District Judge, sitting by designation.
(CA-98-68-2-23AJ)

Submitted: January 26, 1999

Decided: March 12, 1999

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell Brown, Charleston, South Carolina, for Appellants. Craig E.
Burgess, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P.,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellants Michael Schmidt and Jeff Richards appeal from the district court's decision to rescind its earlier oral order dismissing without prejudice Appellee Gerald Davis' action filed under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C.A. §§ 1681-1681t (West 1998). Because we lack jurisdiction to review the district court's decision, we dismiss the appeal.

On January 9, 1998, Davis filed an action alleging that Smith and Richards violated the FCRA by falsely reporting to credit reporting agencies that he owed them money. On March 3, 1998, Davis failed to appear for jury selection and Appellants' counsel requested the district court dismiss the action due to Davis' non-appearance. The district judge orally dismissed the case without prejudice and advised Appellants' counsel to submit a proposed written order reflecting this disposition. Such an order was never entered. The next day, Davis contacted the clerk's office and explained the circumstances of his non-appearance at jury selection. The judge apparently acted on March 4, 1998, to schedule a status conference for March 10, 1998.* Although Davis was present at the status conference, Appellants' counsel failed to appear. The judge then restored the case to the jury roster. On April 3, 1998, the Appellants filed a notice of appeal. They contend on appeal that the lower court erred in reinstating Davis's FCRA action after it orally pronounced its intention to dismiss the action.

We dismiss the appeal for lack of jurisdiction. The district court's March 3, 1998, oral pronouncement that it would dismiss the action due to Davis' failure to appear for jury selection was not a final order.

_____

*Although no formal order was entered on March 4, 1998, and the district court's docket sheet does not reflect any judicial action on that date, the parties' briefs in this Court are in agreement that on March 4, 1998, the court directed the scheduling of the status conference held on March 10, 1998, and that by so doing the court indicated its intention that its oral dismissal order announced in open court on March 3, 1998, be rescinded.

2

See Fed. R. Civ. P. 58 (requiring that a final judgment must "be set forth on a separate document" and the clerk must enter the judgment on the "civil docket" pursuant to Fed. R. Civ. P. 79(a)); Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 36-37 (2d Cir. 1990) (holding that a notice of appeal from an oral order was premature when judgment had not been entered on a separate document). Consequently, any action the court took on March 4, 1998, to rescind its oral dismissal order of March 3, 1998, was within its authority and not appealable.

Therefore, we dismiss the appeal as interlocutory. See 28 U.S.C. § 1291 (1994); 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949) (this court may exercise jurisdiction only over final orders and certain interlocutory and collateral orders). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED

3