Malcolm SCOON, Plaintiff–Appellant,

v.

Patricia R. TAPPAN, Debra Loomis, George C. Johnson, Kenneth E. Graber, Appeals Unit Commissioner, Daniel J. Doyle, Appeals Unit Commissioner, Roslyn W. Block, Appeals Unit Commissioner, Defendants–Appellees.

No. 02–0336.

United States Court of Appeals, Second Circuit.

Feb. 10, 2004.

---

Malcolm Scoon, Cambria Heights, NY, pro se.

Elliot L. Spitzer, Attorney General, State of New York, for Defendants–Appellees.

Present: NEWMAN, CALABRESI, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

In September 2002, *pro se* Plaintiff–Appellant Malcolm Scoon filed this § 1983 action against various New York State Parole Board members and Appeals Unit Commissioners in federal district court, alleging that the defendants violated his Fifth and Fourteenth Amendment rights when they denied him parole after he failed to receive an Earned Eligibility Certificate ("EEC").[1] Scoon had been convicted by a jury of manslaughter in April 1998, and sentenced to an indeterminate term of two to six years imprisonment.

Scoon's complaint alleged that when he first entered prison, his counselor suggested that he participate in a rehabilitation program, such as the Aggression Replacement Training ("ART") Program. Scoon declined to participate on the advice of his attorney, who warned Scoon that the ART

---

1. He sought damages and release on parole. Since Scoon has already been released on parole, his request for parole is now moot, and as such, its dismissal must be AFFIRMED.

program would require him to acknowledge that his aggression had caused him to commit crimes. At the time, Scoon was pursuing a direct appeal of his manslaughter conviction, and was concerned that any such admission would be used against him in future court proceedings. Instead of taking part in the ART program, Scoon took faith-based correspondence courses and listened to tape recordings of Christian speakers.

In November 2000, the Department of Corrections denied Scoon an EEC, based on his "refusal to participate in recommended counseling." Shortly thereafter, Scoon was denied parole. His appeals to the Commissioner of the New York State Department of Corrections and to the Parole Board Appeals Units were unsuccessful.

Scoon's complaint included two claims. First, he claimed that the denial of an EEC violated his Fifth Amendment right against self-incrimination, since participating in the ART program would have required him to admit guilt despite his pending appeal. Second, Scoon argued that the Parole Board's failure to release him on parole violated due process.

On September 26, 2002, the district court *sua sponte* dismissed Scoon's complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief could be granted, and allowed Scoon to file an amended complaint within thirty days. Scoon did not file an amended complaint, but instead filed a motion for reconsideration and a Notice of Appeal. In November 2002, the district court denied Scoon's mo-

tion for reconsideration.[2] Scoon was released on parole in February 2003.

The district court dismissed Scoon's complaint on the ground that he failed to establish that he possessed a liberty interest in parole release. We agree, for as the district court noted, "[t]he New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir.2001) (per curiam). But, even assuming *arguendo* that Scoon had a liberty interest in receiving an EEC, his claims must fail. We are bound by our decision in *Asherman v. Meachum*, 957 F.2d 978 (2d Cir.1992) (en banc), in which we held that a prison inmate's refusal to participate in counseling could result in the denial of a benefit without violating the Fifth Amendment's privilege against self-incrimination even where such participation seemed to require the prisoner to admit criminal activity. *See also Johnson v. Baker*, 108 F.3d 10 (2d Cir.1997) (per curiam).

Having considered all of the Appellant's other arguments and found them to be without merit, we AFFIRM the district court's judgment.

---

**2.** While dismissal of a complaint with leave to amend is not a final decision under 28 U.S.C. § 1291, if the deadline for the amendment of the complaint has passed, the dismissal is considered final. *See Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36–37 (2d Cir.1990) (per curiam). Accordingly, we have jurisdiction over this appeal.