18-327-pr
*Riles v. Semple*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of February, two thousand nineteen.

PRESENT:   PIERRE N. LEVAL,
           JOSÉ A. CABRANES
           BARRINGTON D. PARKER,
                    *Circuit Judges.*

---

DANIEL A. RILES, II,

          *Plaintiff-Appellant,*                                         18-327-pr

        v.

SCOTT SEMPLE, ANGEL QUIROS, DAVE MAIGA, WILLIAM FANEUFF, WILLIAM MULLIGAN, DERRICK MOLDEN, GREGORIO ROBLES, GERARD GAYNE, MARK FRAYNE, A. BLACK (JANE BLACK), NED MCCORMICK, H. RIVERA (JOHN RIVERA), K. MATTHEWS (JANE MATTHEWS), ALL IN THEIR PERSONAL AND OFFICIAL CAPACITIES,

FOR PLAINTIFF-APPELLANT:         Daniel A. Riles, *pro se,* Suffield, CT.

FOR DEFENDANTS-APPELLEES:     No appearance.

Appeal from a January 18, 2018 order of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **VACATED** and the cause **REMANDED** for future proceedings consistent with this order.

Plaintiff-Appellant Daniel A. Riles II ("Riles"), an inmate at the MacDougall-Walker Correctional Institution, appeals *pro se* the District Court's dismissal of his 42 U.S.C. § 1983 claims against thirteen employees of the Connecticut Department of Correction. The District Court dismissed the complaint *sua sponte*, and without giving notice and opportunity to be heard, under 28 U.S.C. § 1915A for failure to meet the requirements of Federal Rules of Civil Procedure 8 and 20. The District Court provided Riles with 30 days to amend, at which time the dismissal would become a dismissal with prejudice. Instead of amending his complaint, Riles filed a notice of appeal.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915A. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).[2] When considering motions to

---

\* The Clerk of Court is directed to amend the caption as set out above.

[1] Although the District Court's January 18, 2018 order granted Riles 30 days to amend his complaint, Riles filed a Notice of Appeal on February 1, 2018. Riles's Notice of Appeal was thus premature. Nevertheless, and despite the absence of a formally entered final judgment, this Court retains jurisdiction. As we have previously explained, where an order sets a self-executing deadline for dismissal with prejudice, and "the deadline imposed by the district court for amendment has passed, we will treat the present appeal as having been timely filed after the dismissal by the district court became final." *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990); *see also In re Litas Int'l, Inc.*, 316 F.3d 113, 117 (2d Cir. 2003).

[2] Although we "review a district court's dismissal of a complaint for failure to comply with Rule 8 for abuse of discretion," *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000), this more deferential standard applies only to the decision to dismiss, *i.e.,* whether dismissal is the appropriate remedy. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) ("As a general matter, of course, the district court

dismiss the claims of plaintiffs proceeding *pro se*, courts must "construe the pleadings liberally." *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). Where such a complaint "substantially complies with Rule 8," dismissal is improper and we will remand for further consideration by the district court. *Harnage v. Lightner*, __ F.3d__, __ (2d. Cir. 2019), No. 18-1559-pr, slip op. at 7 (2d Cir. Feb. 15, 2019).

On appeal, Riles argues that his complaint meets Rule 8's "short and plain statement" requirement, particularly in light of his *pro se* status. Moreover, he argues that his complaint only *appeared* lengthy and confusing because it was handwritten. Br. Appellant 18. Riles also notes that his complaint was largely "plagiarized" from a complaint authored by a clinical professor at Columbia Law School filed in a similar lawsuit. *Id.; see also Reynolds v. Arnone et al.*, No. 3:13-cv-01465-SRU, Dkt. No. 71 (D. Conn. June 29, 2017). He argues that his complaint "outlined each defendant's role in the constitutional violations the same way the Columbia law professor did in her complaint." Br. Appellant 19. Similarly, Riles disputes the District Court's Rule 20 holding, arguing that the "essential facts of the various claims" are "logically connected" and that "judicial economy and fairness" dictate that his claims be resolved together. *Id.* at 20.

Because we agree with Riles that his complaint meets the requirements of Rules 8 and 20, we vacate the order of the District Court.

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As we have explained, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). We have also noted, however, that dismissal is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* We have repeatedly emphasized that Rule 8 reflects "liberal pleading standards," simply requiring plaintiffs to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis

---

has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion." (internal quotation marks and brackets omitted)). By contrast, the more fundamental question of whether a complaint complies with Rule 8 is a question of law which we review *de novo. See Harnage v. Lightner*, __ F.3d__, __ (2d. Cir. 2019), No. 18-1559-pr, slip op. at 4 n.2 (2d Cir. Feb. 15, 2019).

3

for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks and citations omitted).

Although Riles's complaint undoubtedly contains extraneous facts and information, it is not "unintelligible." On the contrary, the complaint "identifies discrete defendants, and the actions taken by these defendants, that purportedly violated [Riles's constitutional] rights." *See Harnage*, No. 18-1559-pr, slip op. at 6. Riles alleges that Commissioner of Corrections Scott Semple promulgated Administrative Directive 9.4's system for designating "special status" prisoners and revoking Risk Reduction Earned Credit, a system which Riles alleges violates his rights under the Eighth and Fourteenth Amendments. Complaint at 11. He alleges that Defendants Dave Maiga (who had "final authority in designating the classification of prisoners," *id.* at 13), William Faneuff (who "repeatedly signed off and participated in maintaining this plaintiff in the status of special needs," *id.* at 14-15), and Gregorio Robles (who was "chairperson of the unit classification committee which is an overseeing review board of special needs prisoners," *id.* 17-18) all played specific roles in designating and maintaining Riles as a "special needs status" prisoner. Moreover, Riles alleges specific facts about the conditions under which he, as a special needs status prisoner, was held that allegedly reflect violations of the Eighth and Fourteenth amendments. *See id.* at 26-32.

Additionally, Riles alleges specific instances when he appealed to Defendants Ned McCormick, Jane Black, Jane Matthews and John Rivera to end his special needs classification and was denied relief. *Id.* at 40-41. He also alleges that Defendants William Mulligan, Derrick Molden, and Angel Quiros deliberately ignored specific grievance claims seeking to end the constitutional violations. *Id.* at 15-17, 46-47. And Riles alleges that mental health professionals Gerard Gayne and Mark Frayne "never conducted a truly thorough eval" and "conspired together to stop" his effective treatment by another therapist. *Id.* at 18-20, 54.

The above constitute specific and intelligible allegations sufficient to permit defendants "to have a fair understanding of what the plaintiff is complaining about and to know the basis for recovery." *Kittay,* 230 F.3d at 541. As we recently explained, "while [Plaintiff's] complaint may not represent the paradigm of notice pleading, it is not the incomprehensible labyrinthian prolixity of unrelated and vituperative charges that Rule 8 was intended to curb." *Harnage,* No. 18-1559-pr, slip op. at 7 (internal quotation marks and citation omitted). Accordingly, we find that Riles's complaint substantially complies with Rule 8.

We also disagree with the District Court's conclusion that the complaint, in its entirety, fails to comply with Rule 20. Rule 20 permits joinder of multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, many of Riles's claims are based on the premise that his designation and maintenance as a "special needs status" prisoner violates his constitutional rights. The alleged actions by which defendants designated and

4

maintained Riles as a "special needs" prisoner are sufficiently related to constitute a "series of transactions and occurrences." Similarly, the question of whether Riles's designation and maintenance in this status amounts to a constitutional violation is clearly a common question of law and fact. Thus, while the District Court might have properly severed some claims for improper joinder (an issue we do not reach), we cannot say that, as a whole, Riles's complaint fails to meet Rule 20's requirements. Moreover, dismissal is not the appropriate remedy for misjoinder. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.")

In addition, we appoint Tadhg Dooley, a member of the New Haven, CT bar and of the District of Connecticut *pro bono* panel, as Riles's counsel in further proceedings before us or the District Court. As we have explained, "[w]e may appoint an unrepresented party counsel if we find the factors set forth in *Hodge v. Police Officers* satisfied." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98 (2d Cir. 2011) (internal citation omitted). These factors include the merit of the claim, the party's ability to investigate the factual issues, the degree to which the claims turn on credibility (for which counsel with training in cross-examination is particularly beneficial), the party's overall ability to present its case, and the complexity of the claims. *Id.; see also Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). We find that the balance of these factors favor appointing counsel for Riles for further proceedings.

## CONCLUSION

For the foregoing reasons, we **VACATE** the January 18, 2018 order of the District Court, and we **REMAND** the cause to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk