Whitfield v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of March, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> > **Circuit Judges**,
> LAWRENCE J. VILARDO,*
> > **District Judge**.

_____

Lorren Vincente Whitfield, DBA Lorren V. Whitfield,

> **Plaintiff-Appellant**,

F.K.P.W.,

> **Plaintiff**,

> v.                                                                  18-1331

_____

* Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

Natalie Johnson, Shameeka McAllister, Marleny Ariza, Judith James, Public School 28 AKA Warren Prep Academy, Hetal M. Shah, Dionne Lowery, Robin Karasyk, Keisha Francis, Doe John/Jane 1–25,

<u>Defendants-Appellees</u>.

_____

FOR PLAINTIFF-APPELLANT:     Lorren V. Whitfield, pro se, Brooklyn, NY.


FOR DEFENDANTS-APPELLEES:     No appearance.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Loren Vincente Whitfield, pro se, attempts to assert claims on behalf of his minor daughter, F.K.P.W., arising from a child-neglect petition that had been filed against him in state court. The district court dismissed the complaint sua sponte, holding (1) neither Whitfield nor another person who had signed the complaint (Angel Luis Torres, Jr.) could pursue a lawsuit on behalf of a minor because they are not attorneys; and (2) in any event, the complaint failed to comply with Federal Rule of Civil Procedure 8 because it did not contain a short and plain statement of a claim. The original order dismissing the complaint granted leave to amend within 30 days. Whitfield did not amend and instead filed a notice of appeal. The district court then dismissed the complaint with prejudice, but sua sponte vacated that order and stayed the case until this Court decides the "interlocutory appeal." We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We first consider whether we have appellate jurisdiction. "A dismissal with leave to amend is a non-final order and not appealable." <u>Slayton v. Am. Exp. Co.</u>, 460 F.3d 215, 224 (2d Cir. 2006). However, "we will treat a premature

appeal from a judgment granting leave to amend as an appeal from a final judgment if the deadline for amendment has passed." Id. at 224 n.7; see also Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990) (per curiam).

The first order dismissing the complaint was nonfinal and not immediately appealable because it granted Whitfield 30 days to amend. But Whitfield filed the notice of appeal after "the deadline for amendment ha[d] passed," Slayton, 460 F.3d at 224 n.7, so we treat the appeal as one from a final judgment. Further, the appeal is timely because the district court had not entered a separate judgment; thus, the time to appeal did not start to run until 150 days after the March 19 order was entered. See Fed. R. App. P. 4(a)(7); Fed. R. Civ. P. 58(c). We conclude that we have appellate jurisdiction.

On the merits, the district court correctly ruled that Whitfield and Torres (non-attorneys) cannot bring claims on behalf of others. Sensational Smiles, LLC v. Mullen, 793 F.3d 281, 285 (2d Cir. 2015) ("[I]ndividuals may proceed pro se, but may not represent others without a law license.").

We review the district court's decision to dismiss the complaint pursuant to Federal Rule of Civil Procedure 8 for abuse of discretion. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000). Rule 8 requires a "short and plain statement" of a claim showing "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and give "fair notice" of the claims asserted. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). A complaint may be dismissed under Rule 8 if it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. Applying these standards here, we see no abuse of discretion. Whitfield's complaint was thoroughly confused, ambiguous, and unintelligible, and failed to provide the defendants with fair notice of the claims against them.

We have considered all of Whitfield's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
