20-1125-cv
*Entretelas Americanas S.A. v. Rafael Ignacio Soler*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ENTRETELAS AMERICANAS S.A.,
                *Plaintiff-Appellant*,

            -v-                                          20-1125-cv

RAFAEL IGNACIO SOLER,
                *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Paul A. Batista, Paul Bautista, PC, New York, New York.

FOR DEFENDANT-APPELLEE: Vincent J. Syracuse, Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, New York; Richard Walker Trotter, Feuerstein Kulick LLP, New York, New York

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Entretelas Americanas S.A. ("Entretelas") appeals from the district court's order, entered March 10, 2020, dismissing its claims against defendant-appellee Rafael Ignacio Soler. The district court adopted the report and recommendation of the magistrate judge (Lehrburger, *M.J.*) recommending that Soler's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted without prejudice. The district court granted Entretelas leave to amend its complaint by April 7, 2020. Entretelas never filed an amended complaint and instead filed its notice of appeal on March 31, 2020. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Normally, an order dismissing a complaint with leave to amend is interlocutory and not appealable at that time." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1246 (2d Cir. 1987). An appellant, however, can render such a non-final order "final" and appealable by disclaiming any intent to amend. *Slayton v. Am.*

*Express Co.*, 460 F.3d 215, 225 (2d Cir. 2006).  "Even where the appellant does not explicitly disclaim intent to replead, we will treat a premature appeal from a judgment granting leave to amend as an appeal from a final judgment if the deadline for amendment has passed."  *Id*. at 224 n.7 (citing *Festa v. Loc. 3 Int'l Brotherhood of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990)).  Here, the deadline for amendment has long passed, and in its brief on appeal, Entretelas refers to the district court's March 10, 2020 order as a "final judgment that disposes of all claims in the underlying action." Appellant's Br. at 1.  In these circumstances, we conclude that the nonfinality of the district court's order is cured and this appeal is properly before us.

We review a district court's dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6) *de novo*, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor.  *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).

Soler worked for Entretelas as an executive-level employee and CEO from 1999 through 2017.  Entretelas alleges three claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1956, and 1951; a breach of contract claim; and an unjust enrichment claim. Soler brought a separate cause of action against Entretelas in the Argentinian court system, alleging, *inter alia*, that Entretelas failed to provide him with bonuses he was entitled to and that he received "off the books" compensation from Entretelas (the "Argentina Litigation").  Appellee's Br. at 8.

The magistrate judge held that the RICO claims fail to state a cause of action and that sthe court lacked jurisdiction as to the remaining common law claims. The court further held that even if it could exercise jurisdiction over the common law claims, those claims should be dismissed on *forum non conveniens* grounds.

### 1. RICO Claims

Section 1962 of RICO provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To sufficiently allege that the defendant violated RICO, a plaintiff must plead four elements: "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999) (internal quotation marks omitted). To establish civil liability, a plaintiff must also "plead injury to [its] business or property as a result of the RICO violation." *Id.*

The magistrate judge held that while the complaint sufficiently alleged the first three elements, it failed to state a claim for the fourth element -- "racketeering activity" -- because it failed to meet the pleading requirements for "predicate acts." *GICC Cap. Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995) ("[P]laintiff must plead at least two predicate acts."). Predicate acts are those that are "indictable under

-4-

specified federal statutes . . . as well as certain crimes chargeable under state law." *RJR Nabisco, Inc. v. Eur. Cmty.*, 136 S. Ct. 2090, 2096 (2016) (internal quotation marks omitted).

Allegations of mail fraud and wire fraud under 18 U.S.C. §§ 1341, 1343 "must be made with the particularity required by [Rule 9(b)]," which requires that the complaint allege content, date, place, or intent of any alleged misrepresentation. *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992). "Pursuant to this higher pleading standard, the complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Id.* (internal quotation marks omitted). "[N]ot every use of the mails or wires in furtherance of an unlawful scheme to deprive another of property constitutes mail or wire fraud." *Id.* at 192 (internal quotation marks omitted); *accord Anatian*, 193 F.3d at 88 (plaintiff failed to allege RICO predicate acts of mail and wire fraud with sufficient particularity).

Here, Entretelas has failed to plead time, place, and content with respect to any of the alleged misrepresentations made by Soler. We agree with the district court's reasoning that Entretelas has failed to sufficiently allege how it was harmed by Soler's conduct, or how it relied upon those misrepresentations to its detriment. *See*

*Anatian*, 193 F.3d at 88 ("[A] plaintiff must plead injury to business or property as a result of the RICO violation.").

As to money laundering, we also agree with the magistrate judge's holding that Entretelas failed to meet the requisite pleading standard as it failed to allege that Soler engaged in financial transactions "involv[ing] the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a). Rather, Entretelas alleged only that Soler used funds derived from his compensations, including salary, director's fees, profit sharing, and reimbursement of expenses. *See United States v. Maher*, 108 F.3d 1513, 1527 (2d Cir. 1997) ("[A] defendant need not know precisely what specified unlawful activity produced the money, so long as he believed that the money was from some unlawful activity.").

As to extortion, even assuming that Soler committed predicate acts of extortion in violation of RICO, Entretelas did not sufficiently allege that such violations proximately caused injury. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990). Instead, Entretelas relied on the conclusory assertion that it was injured "[b]y reason of the foregoing" alleged extortion scheme. App'x at 15. A "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements, do[es] not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Entretelas failed to plausibly allege proximate causation, we need not and do not decide whether it has plausibly allege that Soler committed extortion.

Accordingly, we affirm the dismissal of the RICO claims, substantially for the reasons set forth by the district court.

### 2.    *Common Law Claims*

The magistrate judge held that it had no federal jurisdiction over the common law claims on the basis that plaintiff has failed to plausibly allege the amount in controversy.  Entretelas claims only that, with respect to the common law claims, it has "been damaged in an amount to be determined at trial."  App'x at 16.  Accordingly, we affirm the district court's dismissal of plaintiff's common law claims for breach of contract and unjust enrichment for failure to sufficiently plead the amount in controversy.

Additionally, the magistrate judge did not abuse its discretion in declining to exercise supplemental jurisdiction over these claims.  *See Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988) ("When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims."); *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

\* \* \*

We have considered Entretelas's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

<div style="margin-left:45%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>