24-2373-pr
*Kirby v. Cruz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand twenty-five.

PRESENT:
        GUIDO CALABRESI,
        ROBERT D. SACK,
        EUNICE C. LEE,
            *Circuit Judges.*

_____

David L. Kirby III,

        *Plaintiff-Appellant*,

      v.                                No. 24-2373

Cruz, Deputy, Sanderson, Deputy,

        *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                                      David L. Kirby III, pro se,
                                                              Dannemora, NY.

FOR DEFENDANTS-APPELLEES:                                     No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

David L. Kirby III, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his complaint for failure to state a claim. Kirby filed a complaint against two deputies at the Onondaga County Justice Center, invoking 42 U.S.C. § 1983, and alleging that he was denied "rec" and a "visit." The district court *sua sponte* dismissed Kirby's complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim, concluding that Kirby did not allege personal involvement of the named deputies and did not plausibly allege a conditions-of-confinement claim. The court dismissed the complaint without prejudice and with leave to amend. After Kirby failed

to timely amend, the district court entered judgment.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

This Court "review[s] *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)."  *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because Kirby "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest."  *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

---

[1] Ordinarily, the dismissal of a complaint with leave to amend within a specified period is not a final decision under 28 U.S.C. § 1291.  *Salmon v. Blesser*, 802 F.3d 249, 252 n.2 (2d Cir. 2015).  However, an appellant can render such an order final and appealable by "disclaiming" an intent to amend, *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006), or by failing to amend within the prescribed time limit, *Festa v. Loc. 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36–37 (2d Cir. 1990) (per curiam).  Because Kirby failed to amend within the time specified by the district court's order, the dismissal is now final and appealable.

[2] In his brief on appeal, Kirby adds new details to the allegations he made in the district court. However, "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."  *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted).

The district court properly concluded that Kirby's complaint failed to state a claim. As the district court explained, Kirby did not allege the personal involvement of either of the named defendants. "[I]n this Circuit, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

Kirby's complaint did not identify what, if any, role Cruz or Sanderson had in the alleged incidents. Kirby's allegations were mostly in the passive voice, providing that Kirby "was told [he] was going to get [his] rec," but "was not given [his] 1-hour mandatory rec," "was told to go back to Africa," and "was denied grievances." Compl. at 4, *Kirby v. Cruz*, No. 24-CV-264 (N.D.N.Y. Feb. 23, 2024), Dkt. No. 1. He also stated that he "did not get to have" a visit. *Id.* However, he did not allege who denied him "rec" time, the visit, and grievances, or who made the remark. Because Kirby did not allege facts establishing that either Cruz or Sanderson were personally involved in the referenced incidents, Kirby's complaint failed to state a claim against them.

4

In his complaint, Kirby also stated that he sought to assert claims for First Amendment retaliation and "[d]enial of due process in disciplinary or other proceeding[s]." Compl. at 4–5, *Kirby v. Cruz*, No. 24-CV-264 (N.D.N.Y. Feb. 23, 2024), Dkt. No. 1. But he did not allege any facts relating to protected speech or disciplinary hearings linked to Cruz or Sanderson. His allegation that he was "denied grievances" was too vague to state a claim. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (alterations accepted and internal quotation marks omitted)).

We have considered Kirby's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5