# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                        *Circuit Judges,*
            WILLIAM K. SESSIONS, III,
                        *Judge.\**

_____

L. "LEE" WHITNUM,

                *Plaintiff-Appellant*,

                v.                                                          16-1730

JANE B. EMONS, ET AL.,

                *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | L. Lee Whitnum, pro se, Greenwich, Connecticut. |
| **FOR DEFENDANTS-APPELLEES:** | Philip Miller, Assistant Attorney General for George Jepsen, Attorney General of Connecticut, Hartford, Connecticut. |

_____

\* Judge William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from the orders of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's orders are **AFFIRMED**.

Appellant L. "Lee" Whitnum, proceeding *pro se*, appeals the district court's orders dismissing her 42 U.S.C. § 1983 complaint and denying reconsideration.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although the parties have not raised the issue, we have an independent obligation to determine whether the orders appealed from are final. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). We conclude that they are final. An order granting leave to amend is typically non-final. *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006). Here, however, the orders have been rendered final. Appellant has pursued this appeal, implicitly forgoing amendment, and the time to amend has long passed. *Id.* at 224 n.7; *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36-37 (2d Cir. 1990).

Appellees assert that our jurisdiction is limited to the order denying reconsideration. However, a notice of appeal from a timely motion to reconsider "suffices to bring up for review the underlying order or judgment." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121-22 (2d Cir. 2008).

We review the district court's *sua sponte* dismissal de novo. *Giano v. Goord*, 250 F.3d 146, 149-150 (2d Cir. 2001). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We review the denial of a motion to reconsider for abuse of discretion. *Transaero, Inc. v. LaFuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

---

[1] The Court received Appellant's request for oral argument, filed January 19, 2017 at docket entry 59.

The district court properly dismissed the complaint and denied reconsideration. Judge Emons was entitled to absolute immunity for all actions taken in her capacity as a judge. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judicial immunity applies even where plaintiff alleges malicious or corrupt conduct). In addition, Judge Emons was not acting under color of state law when she reported appellant for stalking, and thus appellant cannot sustain a § 1983 action with respect to that conduct. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("merely private conduct, no matter how discriminatory or wrongful," cannot be remedied through a § 1983 action.) Finally, appellant's request to remove Judge Emons under Article III also fails as "the state courts are not bound by Article III." *Asarco, Inc. v. Kadish*, 490 U.S. 605, 620 (1989).

## CONCLUSION

We have considered all of Appellant's arguments and find in them no reason for reversal. For the foregoing reasons, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk