18-224-cv
Whitnum v. Emons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
          ROSEMARY S. POOLER,
          RICHARD C. WESLEY,
              *Circuit Judges.*

_____

L. LEE WHITNUM,

                *Plaintiff-Appellant*,

        v.                                                        18-224-cv

JANE B. EMONS, PERSONALLY AND IN
THEIR PROFESSIONAL CAPACITY,
MARYLOUISE SCHOFIELD, JUDGE,
PERSONALLY AND IN THEIR
PROFESSIONAL CAPACITY, JOHN WHALEN,
STATES ATTORNEY, PERSONALLY AND IN
HIS PROFESSIONAL CAPACITY, MARGARET
GERUNDO-MURKETTE, STATE OF
CONNECTICUT COMMISSION ON AGING,
PROFESSIONAL FOR INJUNCTIVE
PURPOSES, NANCY SHAFFER, STATE OF
CONNECTICUT COMMISSION ON AGING,
PROFESSIONAL FOR INJUNCTIVE
PURPOSES, PAMELA TOOHEY, STATE OF
CONNECTICUT COMMISSION ON AGING,
PROFESSIONAL FOR INJUNCTIVE

PURPOSES, KIMBERLEY MASSEY, STATE OF
CONNECTICUT COMMISSION ON AGING,
PERSONALLY AND IN HER PROFESSIONAL
CAPACITY, MATHEW HAINE, FAMILY
RELATIONS STAFF, ANGELA HANLEY,
FAMILY RELATIONS STAFF, DORYE
JACKSON, FAMILY RELATIONS STAFF,

*Defendants-Appellees.*

_____

For Plaintiff-Appellant:               L. Lee Whitnum, pro se, Greenwich, CT.

For Defendants-Appellees:          Alma Nunly, Assistant Attorney General (Philip
                                               Miller, Assistant Attorney General, *on the brief*) *for*
                                               George Jepsen, Attorney General, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Underhill, *C.J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

     Plaintiff-Appellant L. Lee Whitnum, proceeding pro se, appeals the district court's
December 21, 2017, order denying her motions to reopen, to "cite in" an additional party, and for
recusal. We assume the parties' familiarity with the underlying facts, the procedural history of
the case, and the issues on appeal.

     Whitnum's motion to reopen is best construed as a Federal Rule of Civil Procedure 60(b)
motion, the denial of which we review for abuse of discretion. *See Paddington Partners v.
Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). There was no abuse of discretion here.

     We previously affirmed the district court's 2015 and 2016 decisions dismissing
Whitnum's complaint and denying reconsideration. *Whitnum v. Emons*, 683 F. App'x 71 (2d Cir.
2017). To the extent Whitnum's motion to reopen challenged that ruling, or sought to amend her
complaint to add a party, the district court was bound by our decision. *See Doe v. New York City
Dep't of Soc. Servs.*, 709 F.2d 782, 788 (2d Cir. 1983) (explaining that law of the case doctrine
precludes district court from revisiting issues decided on appeal "either expressly or by necessary
implication") (internal quotation marks omitted). The law of the case doctrine also applies to this
Court. *See Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013)
(noting that the law of the case doctrine "counsels a court against revisiting its prior rulings . . .
absent cogent and compelling reasons such as an intervening change of controlling law, the
availability of new evidence, or the need to correct a clear error or prevent manifest injustice")
(internal quotation marks omitted). No such compelling reasons have been shown here. Further,
even if such a reason had been proffered, the Federal Rules of Civil Procedure provide that a
motion for relief "from a final judgment," Fed. R. Civ. P. 60(b), "must be made . . . no more than

a year after the entry of the judgment," Fed. R. Civ. P. 60(c). Whitnum did not file the motions whose denial she now challenges until December 2017, more than two years after the district court's final judgment. Her motions were thus also untimely.

Finally, Whitnum's motion for the district court judge's recusal was moot because the case was closed, and in any event Whitnum failed to demonstrate that the district court displayed "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

We have considered Whitnum's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3