22-2041-cv
Samaroo v. The Bank of New York Mellon

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-three.

PRESENT:  GUIDO CALABRESI,
                    RAYMOND J. LOHIER, JR.,
                    MARIA ARAÚJO KAHN,
                              *Circuit Judges*.

-----------------------------------------------------------------

KARAMCHAND SAMAROO,

              *Plaintiff-Appellant*,

       v.                                                          No. 22-2041-cv

THE BANK OF NEW YORK
MELLON,

              *Defendant-Appellee*.

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: KARAMCHAND SAMAROO, *pro se*, New York, NY

FOR DEFENDANT-APPELLEE: W. JOHN LEE (Daniel A. Kadish, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY, Morgan, Lewis & Bockius LLP, Philadelphia, PA

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Karamchand Samaroo, proceeding pro se, appeals from a judgment of the United States District Court for the Southern District of New York (Torres, J.) dismissing without prejudice his whistleblower antiretaliation claims under Section 806 of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A, against Defendant-Appellee The Bank of New York Mellon ("BNY Mellon"). Samaroo did not file an amended complaint but instead chose to appeal the dismissal. See Festa v. Loc. 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 36–37 (2d Cir. 1990). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013). "Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a pro se complaint must state a plausible claim for relief." Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (quotation marks omitted). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fink, 714 F.3d at 741 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Section 806 of SOX protects employees from retaliation if they "provide information . . . regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C.] section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1); see Nielsen v. AECOM Tech. Corp., 762 F.3d 214, 219 (2d Cir. 2014). The elements of a whistleblower antiretaliation claim under Section 806 are "that (1) [the employee] engaged in

3

protected activity; (2) the employer knew that [the employee] engaged in protected activity; (3) [the employee] suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." Murray v. UBS Sec., LLC, 43 F.4th 254, 259 (2d Cir. 2022) (quotation marks omitted).

Samaroo claims he was retaliated against after he filed numerous internal ethics complaints. But most of the internal complaints report that BNY Mellon had engaged in conduct constituting nepotism and favoritism rather than the listed categories of fraud or securities violations in Section 806.[1] It is true that some of the internal complaints expressly reference fraud, money laundering and other financial crimes allegedly committed by BNY Mellon, including in connection with government contracts. See, e.g., Supp. App'x 161, 179, 195. But based on our review of Samaroo's factual allegations in support of those claims, we agree with the Magistrate Judge's conclusion that "these assertions, though labeled as something different, also relate to alleged nepotism or favoritism by

---

[1] The Magistrate Judge and District Court arrived at the same conclusion after reviewing the documents attached to Samaroo's opposition to BNY Mellon's motion to dismiss. "A district court . . . may consider factual allegations made by a pro se party in his papers opposing" a motion to dismiss. Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

4

[Samaroo's] former managers."  Supp. App'x 272.  Samaroo has not "alleged any facts plausibly suggesting that this supposed misconduct implicated <u>any</u> of the enumerated provisions in" Section 806.  <u>Nielsen</u>, 762 F.3d at 223.  For these reasons, Samaroo has failed to plausibly allege that he engaged in protected activity as required to sustain a whistleblower claim under Section 806.  We deem his claim to be insufficient as a matter of law.

We have considered Samaroo's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

5