21-2479-cv (L)
Daniel v. N.Y.S. Dept. of Health

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-four.

PRESENT: JON O. NEWMAN,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

JEAN R. DANIEL,

*Plaintiff-Appellant,*

v.                                        Nos. 21-2479-cv; 23-323-cv

JOHN DOE 1 THROUGH JOHN DOE 10, representing any additional agency, the State of New York, or any additional public and judicial official(s) that is jointly liable,

*Defendants,*

N.Y.S. DEPT. OF HEALTH, ALJ
KIMBERLY A. O'BRIEN, OFFICE OF
THE MEDICAID INSPECTOR
GENERAL (OMIG), THE DEPUTY
MEDICAID INSPECTOR GENERAL,
DANIEL V. COYNE, ASST. OF
MEDICAID INSPECTOR GENERAL,
STEPHANIE E. PATON, RN,
WILLIAM ROGERS, EXECUTIVE
ASST. AT THE TOWN OF
BROOKHAVEN DEPT. OF PUBLIC
SAFETY, THE TOWN OF
BROOKHAVEN,

        *Defendant-Appellees.*

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Jean R. Daniel, *pro se*, Patchogue, NY |
| FOR APPELLEES N.Y.S. DEPT. OF HEALTH, ALJ KIMBERLY A. O'BRIEN, OFFICE OF THE MEDICAID INSPECTOR GENERAL (OMIG), THE DEPUTY MEDICAID INSPECTOR GENERAL, DANIEL V. COYNE, ASST. OF MEDICAID INSPECTOR GENERAL, STEPHANIE E. PATON, RN: | Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, Kwame N. Akosah, Assistant Solicitor General, *for* Letitia James, Attorney General, State of New York, New York, NY |

| FOR APPELLEES WILLIAM ROGERS, EXECUTIVE ASST. AT THE TOWN OF BROOKHAVEN DEPT. OF PUBLIC SAFETY, THE TOWN OF BROOKHAVEN: | Robert M. Calica, Judah Serfaty, Rosenberg Calica & Birney LLP, Garden City, NY |
|---|---|

Appeal from an order and a judgment of the United States District Court for the Eastern District of New York (Diane Gujarati, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal in No. 21-2479-cv is DISMISSED and the judgment of the District Court in No. 23-323-cv is AFFIRMED.

Plaintiff-Appellant Jean R. Daniel, proceeding *pro se*, appeals from an order and a judgment of the United States District Court for the Eastern District of New York (Gujarati, *J.*) denying his motion for a preliminary injunction and dismissing his complaint, which principally claimed that the New York State Department of Health, Town of Brookhaven, and several state and municipal officials violated his Fifth, Seventh, and Fourteenth Amendment rights. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss in part and affirm in part.

Daniel alleged that various state and municipal defendants violated his constitutional rights by subjecting him to state administrative proceedings in

connection with his misconduct as a Medicaid transportation provider. In addition to damages, Daniel sought preliminary and permanent injunctive relief, including a stay of the state administrative proceedings pending the District Court's disposition of his federal case. The District Court denied preliminary injunctive relief and, adopting the recommendation of the Magistrate Judge (Shields, *M.J.*), dismissed the case.

Among other things, the District Court determined that Daniel's request for a stay of the state administrative proceedings was barred by *Younger v. Harris*, 401 U.S. 37 (1971). The District Court also dismissed (1) the claims against the Department of Health and state officials (together, the "State Defendants") as barred by the Eleventh Amendment and (2) the claims against the Town of Brookhaven and municipal employee Williams Rogers (together, "Town Defendants") for lack of merit.

We previously consolidated for disposition Daniel's appeals of the denial of preliminary injunctive relief and of the dismissal of his case.

## I.  Denial of Preliminary Injunctive Relief

We dismiss Daniel's appeal in No. 21-2479-cv, which challenges the District Court's denial of preliminary injunctive relief. An appeal becomes moot

"when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quotation marks omitted). Here, because the claims underlying Daniel's preliminary injunction appeal have been dismissed, the interim injunctive relief he sought is no longer an available remedy. Moreover, because the District Court's order dismissing Daniel's claims is a final judgment, its prior order denying his preliminary injunction motion has merged with the final decision. As a result, we are deprived of jurisdiction over his interlocutory appeal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (Sotomayor, J.); *Scheff v. Banks*, No. 22-2439-CV, 2023 WL 4715174, at *2 (2d Cir. July 25, 2023).

## II. Dismissal[1]

Turning to appeal No. 23-323-cv, we affirm the judgment dismissing Daniel's claims against the State Defendants and the Town Defendants.

---

[1] We have jurisdiction over the appeal of the dismissal order. Although the District Court granted Daniel leave to amend within thirty days, Daniel failed to file an amended complaint within that time. The order dismissing the complaint is therefore final. *See Festa v. Loc. 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36–37 (2d Cir. 1990). Likewise, although Daniel filed a notice of appeal before final judgment was entered, we consider his appeal timely filed after the dismissal became final. *See id.* Finally, the District Court's failure to set forth a final judgment in a separate document does not affect the validity of this appeal. *See* Fed. R. App. P. 4(a)(7)(B).

## A. State Defendants

"'In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction.'" *Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). "[O]nly exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *Id.* (quotation marks omitted). Under *Younger*, however, federal courts must refrain from interfering with three narrow categories of state proceedings, so long as those proceedings implicate an important state interest and afford the federal plaintiff an adequate opportunity for judicial review of their federal constitutional claim. *See Cavanaugh v. Geballe*, 28 F.4th 428, 430 (2d Cir. 2022). One such category is "certain civil enforcement proceedings," *id.* at 432; *see Sprint*, 571 U.S. at 78, including the administrative enforcement proceedings at issue here, *see Sprint*, 571 U.S. at 78–80 & n.6; *Cavanaugh*, 28 F.4th at 430; *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74–75 (2d Cir. 2003). Such enforcement proceedings "are characteristically initiated to sanction the federal plaintiff." *Sprint*, 571 U.S. at 79. The *Younger* doctrine "is also subject to exceptions of its own in cases of bad faith, harassment, or other extraordinary circumstances." *Trump*, 941 F.3d at 637 (quotation marks omitted).

6

As noted, the District Court invoked *Younger* to abstain from exercising federal jurisdiction over Daniel's request to enjoin or otherwise interfere with his state administrative proceedings. Those proceedings, initiated to sanction Daniel, implicate important state interests concerning the administration of its Medicaid program and offer an adequate opportunity for judicial review. *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 156–57 (2d Cir. 2006); 18 N.Y.C.R.R. § 519.22(e). Moreover, Daniel does not allege that the proceedings themselves were initiated in bad faith. We therefore conclude that the District Court properly abstained under *Younger*.

We also affirm the District Court's dismissal of any remaining claims against the State Defendants because the Eleventh Amendment bars suit by a citizen of a State against that State, its agencies, and its officials named in their official capacities.[2] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984); *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). New York has not waived its Eleventh Amendment immunity, and Daniel sued the state

---

[2] The claims against Administrative Law Judge O'Brien are separately barred by absolute judicial immunity. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

officials here in their official capacities. We therefore agree with the District Court that Daniel's claims are barred.[3]

### B. Town Defendants

We next affirm the dismissal of Daniel's claims against the Town Defendants as lacking merit. Even when read liberally, Daniel's *pro se* brief on appeal does not make any arguments relating to the Seventh Amendment. We therefore deem any challenge to the District Court's dismissal of his Seventh Amendment claim to have been abandoned. And Daniel's Fifth Amendment Takings Clause claim concerns only the State Defendants. *See* Appellant's Br. 26–27.

Daniel's remaining Fourteenth Amendment Due Process and Equal Protection claims against the Town Defendants suffer from inadequate pleading. In particular, Daniel's complaint does not explain how the Town Defendants, who are not involved in the state administrative proceedings, could render those

---

[3] The District Court dismissed with prejudice the claims on Eleventh Amendment grounds. Because neither we nor the Supreme Court have squarely held that a dismissal based on the Eleventh Amendment implicates the court's subject matter jurisdiction, *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391–92 (1998); *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006), and because no party has asked us to modify the Eleventh Amendment dismissal to be without prejudice, we affirm the District Court's dismissal with prejudice.

8

proceedings procedurally deficient and thus violate his due process rights. In any event, we agree with the District Court that the administrative proceedings provided Daniel notice and an opportunity to be heard, and the availability of an Article 78 proceeding provides Daniel a "wholly adequate post-deprivation remedy for due process purposes." *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001); *see* 18 N.Y.C.R.R. §§ 519.8 (outlining rights at the hearing), 519.18 (outlining hearing procedure), 519.22(e) (requiring that the appellant be informed of judicial review).

Daniel's Equal Protection claim rests on the theory that he was intentionally treated differently from others as a "class of one." *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). We also affirm the District Court's dismissal of that claim because Daniel did not identify any similarly situated comparators who were treated differently by the Town Defendants.

## C. Leave to Amend

Finally, Daniel argues that the District Court failed to consider his motion for leave to amend and his proposed second amended complaint. We are not persuaded and therefore affirm. First, Daniel did not take advantage of the District Court's decision to grant limited leave to amend. Second, and in any

9

event, his claims were either barred or without merit — defects that, in this context, could not have been cured with better pleading. Any proposed amendment would thus have been futile. *See Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

We have considered Daniel's remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal in No. 21-2479-cv is DISMISSED and the judgment of the District Court in No. 23-323-cv is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10